IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**JULIAN RUEDA**                                                                                    **PETITIONER**
ADC #140164

VS.                           CASE NO.: 5:13CV00021 DPM/BD

**RAY HOBBS, Director,**                                                                     **RESPONDENT**
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Mr. Rueda – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

**II.**    **Discussion**

    Petitioner Julian Rueda, an inmate in the Arkansas Department of Correction, filed this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1), challenging his state conviction for delivery of a controlled substance, possession of drug paraphernalia, and possession with intent to deliver a controlled substance. Here, Mr. Rueda challenges the same conviction, on the same grounds, as in case number 5:12cv00367 DPM-BD, now pending before this Court. Because this is an unauthorized second habeas petition, the District Court should summarily dismiss the petition, without prejudice, for lack of jurisdiction.

    Before filing a second or successive habeas petition in district court under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, a district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1] Summary dismissal of a habeas corpus petition – prior to any

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).

answer or other pleading being filed by the State – is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without authorization from the court of appeals.  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

From the face of the instant habeas corpus petition, read together with court records in case number 5:12CV00367-DPM-BD, it is apparent that this is a second petition challenging the same conviction on the same grounds as his pending petition. Mr. Rueda does not allege or provide evidence that he has sought or received authorization from the Court of Appeals to file a second petition.  Accordingly, the second petition should be summarily dismissed.

### III.  Conclusion

The Court recommends that Judge Marshall dismiss Julian Rueda's second petition for writ of habeas corpus, without prejudice, for lack of jurisdiction.  Further, the Court recommends that Judge Marshall deny all pending motions as moot.

DATED this 30th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE